F. A. SMITH AND WIFE, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 12094. Promulgated March 29, 1928.

*J. W. Young, Esq.*, for the petitioners.
*Bruce A. Low, Esq.*, for the respondent.

302

OPINION.

LOVE: The petitioners contend, first, that the taxes in question are constitutional taxes for a public purpose and as such are deductible under section 214 (a) (3) of the Revenue Act of 1921; and second, that if they are not such taxes, then the amount thereof used for paying interest on the bonds is deductible under section 214 (a) (2) of the 1921 Act as interest paid.

We do not deem it necessary to go into the constitutional and statutory provisions of the law of Texas with reference to the taxes in question. The Supreme Court of Texas has held the payments to be taxes for local improvements or, in other words, assessments. See *Dallas County Levee District No. 2 v. Looney*, 207 S. W. 310; *Dallas County Levee Improvement District No. 3 v. Ayers et al.*, 246 S. W. 1112.

In *Caldwell Milling Co.*, 3 B. T. A. 1232, the Board construed section 234 (a) (3) (c) of the Revenue Act of 1918 to mean special or local assessments as a class and as such not deductible. Our reasoning therein applies with equal force to the provision of section

214 (a) (3) (c) of the 1921 Act. It is clear, therefore, that petitioners' first contention is unsound and can not be sustained.

However, petitioners contend that that part of the assessment paid in 1923 which was used for the purpose of paying interest on the bonds issued by Houston Levee District No. 1 is deductible as interest paid under section 214 (a) (2) of the 1921 Act. With this contention we can not agree.

The bonds were the obligation of the Levee District and not of the individuals. The assessment of the taxes in question can not be said to constitute a payment of interest on a personal obligation.

The Commissioner's action is, therefore, sustained.

*Judgment will be entered for the respondent.*