THOMAS H. THATCHER AND ODILLE FUSZ THATCHER, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 103835.    Promulgated September 12, 1941.

*J. Spencer Wolling, Esq.*, for the petitioners.
*Felix Atwood, Esq.*, for the respondent.

OPINION.

LEECH: There appears to be no question but that the St. Ferdinand sewer district was a so-called special benefit district. It was incorporated for the purpose of constructing and operating facilities for the benefit, only, of the lands within its boundaries. The assessments made were only upon those lands and not upon the general public. That the preliminary expense, to defray the cost of which the assessment here in question was made, was a necessary part of the cost can not, we think, be disputed.

In fact petitioners agree that, had the construction project gone through, the preliminary expense would necessarily represent a part of its cost and the payment of any assessment made against the property to defray its cost would not be deductible in view of section 23 (c) (4) of the Revenue Act of 1936. However it is contended by them that the project was abandoned and the law repealed; that the assessment was not against benefits, but merely against petitioner's property, on a footage basis, without regard to benefits, and that it was merely to secure funds to pay for expenditures which had proved a total loss and could in no way tend to increase values.

We agree with petitioner. Section 23 of the Revenue Act of 1936 permits the deduction of taxes paid or accrued except:

(c) (4) taxes assessed against local benefits of a kind tending to increase the value of the property assessed; but this paragraph shall not exclude the allowance as a deduction of so much of such taxes as is properly allocable to maintenance or interest charges.

It is clear that by this exception Congress intended to preclude the deduction of a tax or assessment, the payment of which was in the nature of a capital expenditure because reflected by a corresponding increase in the value of the property. It is further clear that if the assessment is, in fact, against local benefits, a landowner, in an endeavor to secure a deduction from gross income of his individual

assessment under section 23, *supra*, may not be permitted to raise the question that no actual benefit has in fact accrued to his property. *Belfast Investment Co.*, 17 B. T. A. 213; *F. A. Smith*, 11 B. T. A. 301. The reasons for this rule are manifest.· The competent taxing authority has determined a benefit as existing and has made the assessment against it. This determination must be held final as to the individual. The proper administration of income tax collection could not permit the delay in collection of the tax in numberless cases to await the result of a determination in each case of the question as to whether the individual taxpayer's property had in fact been benefited. In other words, the benefit to the property of the taxing district having been determined and the assessment having been against that benefit, the exception provided by paragraph (c) (4) of section 23, *supra*, must apply because such benefits were "of a kind tending to increase the value of the property assessed."

In the instant case the facts and conditions basing the application of the above rule are not present. Here it can not be said that the assessment is against a benefit when none has either been determined or is contemplated from the expenditure of the funds to be collected. Here the state had repealed the legislative authority to construct the facilities which would cause the benefit. In the repealing act it is provided that "the effect of this repeal as to each and every such district shall be the same as if the circuit court had, under the provisions of Section 11062, Revised Statutes of Missouri, 1929, found that the estimated costs of works and improvements exceed the estimated benefits; * * *." In effect this enactment is a legislative determination that there were no benefits. And it is under the provisions of this repealing act that this assessment has been levied, not to acquire a benefit, nor to meet expenditures which can by any possibility increase the value of the property assessed, but has been levied merely to pay the cost of a mistake in judgment.

Respondent argues that the preliminary expenditures for the cost of which the assessment was made were in large measure for engineering services and that the plans and maps resulting from this work have a value for future use and constitute a benefit, but the record contradicts this conclusion.

We do not agree with respondent's contention that the mere fact of the determination that the construction of a sewage system in the district was not feasible or too costly is a benefit. It may be a benefit to the present owner personally, in the sense that it will deter him from ever taking part in such a project again, but we can conceive of no reason for an increase in the value of the land by reason of a determination that it is not subject to sewage development except at a prohibitive cost. The natural effect of this, we think, is to decrease values.

Respondent calls attention to the decision of the Missouri Supreme Court in *State* v. *Wellston Sewer District of St. Louis County*, 58 S. W. (2d) 988, where the court, in holding that taxes assessed, as here, under section 11037, *supra*, by authority of the repealing act, were not in violation of sections 3 and 10 of Article 10 of the Constitution, because not general but special taxes, referred to them as in the nature of benefit assessments. In this it is overlooked that there the question was whether the tax was general or special in its nature and the language used is merely to distinguish it from a general tax. There is no question in our minds that the assessment in question was special in character, but to deny its deduction here we must go further and find it to be one assessed against special benefits of a kind tending to increase the value of the property assessed.

The assessment in question, not having been made to provide a local benefit, much less a benefit *"of a kind tending to increase the value of the property assessed"*, its deduction is allowable under section 23 (c) of the Revenue Act of 1936.

As other adjustments made in determining the deficiency are not in issue,

*Decision will be entered under Rule 50.*